UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:08-CR-738-1 |
| | § | |
| GABRIEL AMADOR | § | |

## ORDER

Gabriel Amador filed a Rule 60(b) motion seeking relief from this Court's dismissal of his § 2255 motion. D.E. 92. The motion is dismissed as a second or successive § 2255 motion.

### BACKGROUND

A jury convicted Amador of conspiracy to possess with intent to distribute more than 50 grams of methamphetamine and as a felon in possession. The Court sentenced him on April 9, 2009, to 360 months on the drug trafficking charge and to 240 months on the firearms violation. Amador did not appeal. He challenged the performance of his defense counsel for the first time six years later when he filed his motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 in March 2015. The Court dismissed the motion as untimely on July 31, 2015. Amador's present motion was filed on October 11, 2017, 19 months later.

### MOVANT'S CLAIMS

Amador's present motion pursuant to Rule 60(b) argues that the lateness of his § 2255 motion does not matter because the "out-of-time appeal is a judicial remedy crafted by the 5th Circuit and is not a statutory remedy under 2255." He relies on *United States v. Sandifer*, 2016 WL 4224510 (W.D. La. Aug. 8, 2016). Amador also argues that this Court's failure to consider his late-filed § 2255 motion is a defect in the integrity of the proceedings. Amador's requested relief is the grant of an out-of-time appeal.

## RULE 60(B) MOTION

A Rule 60(b) motion may be used to attack a previous final judgment in limited circumstances. Fed. R. Civ. P. 60(b). The motion generally must be brought within a year after judgment, unless the movant establishes that the preceding judgment is void, has been satisfied, discharged, or released; or for any other reason that justifies relief. Fed. R. Civ. P. 60(c)(1). Amador relies on Rule 60(b)(6), the catch-all provision, which does not have a stated deadline.

Amador's present motion seeks a new direct appeal, the same relief he sought by his dismissed § 2255 motion. The Fifth Circuit has previously affirmed the dismissal of untimely § 2255 motions when the movant has not established or alleged facts to demonstrate entitlement to equitable tolling or application of one of the alternate commencement dates in the statute. *See United States v. Rodriguez*, 858 F.3d 960, 963 (5th Cir. 2017) (finding defendant did not demonstrate due diligence to discover counsel's failure to file a notice of appeal); *United States v. Ochoa-Molina*, 2009 WL 700098 at *4-5 (S.D. Tex. 2009) (dismissing late § 2255 motion seeking an out-of-time appeal). The Court does not adopt the reasoning in *Sandifer* cited by Amador. The Court finds that Amador's challenge is not to a procedural defect, but seeks affirmative and substantive relief.

A defendant generally has the right to bring only one § 2255 motion. See 28 U.S.C. § 2255(h). The plain language of 28 U.S.C. § 2255 provides that this Court cannot entertain a second or successive motion until after a panel of the United States Court of Appeals for the Fifth Circuit authorizes the filing of such a motion. "Indeed, the purpose of this provision was to eliminate the need for the district courts to repeatedly consider challenges to the same conviction unless an appellate panel first found that those challenges had some merit." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citing *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)).

A subsequent § 2255 motion is "second or successive" when it:

(1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or
(2) otherwise constitutes an abuse of the writ.

*United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000) (internal citations and quotations omitted). The *Orozco-Ramirez* court noted that if the facts underlying a claim occurred before the initial § 2255 motion, and thus could have been raised in the initial motion, a movant is not entitled to assert that claim in a subsequent motion. *Id*. at 869. By contrast, where the facts supporting a claim arise after the filing of the initial § 2255 motion, such a claim may be filed in a subsequent § 2255 motion and will not be considered "second or successive." *See Leal Garcia v. Quarterman*, 573 F.3d 214, 221 (5th Cir. 2009).

Where a claim is second or successive, the movant is required to seek, and acquire, the approval of the Fifth Circuit before filing a second § 2255 motion before this Court. *See Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000); 28 U.S.C. § 2244(b)(3)(A). Amador's motion does not indicate that he has sought or obtained such permission. Until he does so, this Court does not have jurisdiction over any claims that could have been brought in his first § 2255 motion.

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). An appeal from the denial of a Rule 59(e) or Rule 60 motion requires a certificate of appealability in all but very narrow circumstances. *Ochoa Canales v. Quarterman*, 507 F.3d 884, 888 (5th Cir. 2007) ("We therefore hold . . .that a COA is not required to appeal the denial of a Rule 60(b) motion . . .only when the purpose of the motion is to reinstate appellate jurisdiction over the original denial of habeas relief."). Although Amador has not yet filed a

notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *Id*. at 483-84. As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court finds that Amador cannot establish at least one of the *Slack* criteria. Accordingly, he is not entitled to a COA as to his claims.

## CONCLUSION

For the foregoing reasons, Amador's Rule 60(b) motion (D.E. 92) is DISMISSED and he is DENIED a Certificate of Appealability.

SIGNED and ORDERED this 23rd day of October, 2017.

_____
Janis Graham Jack
Senior United States District Judge